FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 DEC -8 P 1: 51
CLERK JBurton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ZENAS PEREZ LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-073 |
| | ) | |
| VANCE LAUGHLIN, Warden, | ) | |
| Wheeler Correctional Facility, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. no. 18). The Magistrate Judge recommended dismissal because (1) Plaintiff improperly attempted to hold Defendant Laughlin liable by virtue of his supervisory position as Warden at Wheeler Correctional Facility; (2) Plaintiff improperly attempted to join claims arising in the Middle District of Georgia with his claims based in the Southern District of Georgia; and (3) Plaintiff failed to exhaust his administrative remedies as required by section 1997e(a) of the Prison Litigation Reform Act. (See doc. no. 9.) Upon entry of the R&R, Plaintiff moved for an extension of time to decide whether to object or drop his case "until I am able to afford counsel or find some other way to resolve this matter." (Doc. no. 12.) The Court granted an extension of time to object until November 28, 2016. (Doc. no. 15.)

Approximately one week after receiving this extension of time, Plaintiff wrote a letter to the Court complaining about his cellmate at Dodge State Prison, the availability of drugs and cellphones in prison, and improper behavior of various correctional officers. (See doc. no. 17.) Plaintiff also stated, "I am going to drop the suit." (Id. at 3.) Approximately two weeks later, Plaintiff changed his mind about pursuing this case and filed objections to the recommendation for dismissal, but he does not provide any argument to change the Magistrate Judge's analysis. (See doc. no. 18.) He requests this case be allowed to proceed, "or to allow me the chance to amend more complaints to add new claims that are related and new Defendants that is a part of this case, or refile a new complaint." (Id. at 6.)

"Generally, where a more carefully drafted complaint might state a claim," a court will give a plaintiff the chance to amend the complaint prior to dismissal. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). However, leave to amend will be denied when the amendment would be futile. Foman v. Davis, 371 U.S. 178, 183 (1962). Amendment "is futile when the complaint as amended would still be properly dismissed." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, the Court does not conclude a more carefully drafted complaint might state a claim.

Plaintiff all but concedes in his objections he improperly named Warden Laughlin for the reasons explained in the R&R, but he does not explain how any other persons at Wheeler Correctional Facility violated his constitutional rights. Nor does he identify what "new" claims or "new" Defendants he wants to add, let alone describe when or where the events forming the basis for these new claims occurred. Indeed, based on the "Order to Show Cause for An Preliminary Injunction & A Temporary Restraining Order" attached to the objections,

Plaintiff is dissatisfied with his treatment at every institution in which he has been housed and seeks an order from the Court directing "the Department of Corrections to give me protection from retaliation of prison officials statewide where I'm housed." (Doc. no. 18, p. 8.) In particular, he wants all wardens, officers, counselors, staff members, and inmates to be "restrained from causing me problems" with various day-to-day activities attendant to prison life. (Id. at 10.) Of course, the law is well settled federal courts should refrain from unwarranted interference in the day-to-day operation of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Moreover, it is clearly established retaliating against an inmate for filing a lawsuit is unconstitutional. See Wright v. Newsom, 795 F.2d 964, 968 (11th Cir. 1986). Thus, an order prohibiting anyone with whom Plaintiff comes in contact in prison from retaliating against him would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" – a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999).

Moreover, as Plaintiff commenced his case in September of this year, he could not possibly have exhausted his administrative remedies as required by the Prison Litigation Reform Act concerning events allegedly occurring in November 2016 at institutions where he has been incarcerated. (See, e.g., doc. nos. 13, 17 (letters addressed to Court detailing events ranging from daily activities at prison to building basketball courts to discord between Plaintiff and his mother).) Even as to the claims originally raised, Plaintiff acknowledges in one of his letters he still has a pending grievance, (doc. no. 13, p. 1), confirming the Magistrate Judge's analysis Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. Under these circumstances, allowing amendment would be futile.

3

Plaintiff alternatively requests permission to file a new complaint. Nothing in this order adopting the recommendation for dismissal puts any additional restrictions on Plaintiff's filing activities beyond those already in place for any prisoner filing a new case in federal court.

In sum, the Court **OVERRULES** the objections. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case for failure to state a claim upon which relief can be granted, and **CLOSES** this civil action.

SO ORDERED this 8th day of December, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE